In the Matter of WILLIAM POLLANE (Formerly Known as WILLIAM POLINSKY), an Attorney, Respondent.

First Department, August 13, 1930.

*Einar Chrystie,* for the petitioner.

*M. W. Vogel,* for the respondent.

FINCH, J.   The respondent was admitted to practice as an attorney and counselor at law in the State of New York (under the name of William Polinsky) on the 13th day of November, 1922, at a term of the Appellate Division of the Supreme Court of the State of New York, First Department.

The petition charges that respondent has been guilty of misconduct as an attorney at law in converting to his own use moneys collected on behalf of his clients and in neglecting his duty to his clients in failing to render any substantial services for the fees received and retained.

The matter was sent to an official referee, by order of this court, to take testimony in regard to said charges and to report with his opinion thereon to this court.   The referee has filed his report finding the charges proven in all but one instance, and the petitioner now moves the confirmation thereof.

According to the findings of the referee, which are amply sustained by the record, the respondent stands convicted of converting funds belonging to his clients as a regular course of conduct and only making restitution at the last moment, in order to avert, if possible, disbarment.   The respondent is found guilty also by the referee of a regular course of conduct whereby the respondent has received and retained fees from his clients and then failed to render any substantial services therefor, which is likewise amply sustained by the record.   Refund of such fees has been made only at the last moment in order to avert, if possible, a finding of guilty upon charges filed by the petitioner.

Taking up first the proven charges necessary to sustain the first count, namely, the conversion of money collected for clients, we find as a first instance that the respondent was retained to collect a sum for goods sold and delivered.   A settlement was had on December 10, 1927.   The sum so collected the respondent then converted to his own use, concealed the settlement and thereafter falsely represented that he had been unable to collect any sum whatever, until after the matter had been brought to the attention of the committee on grievances of the petitioner, in November, 1928.   The respondent, therefore, converted these moneys to his own use for a period of eleven months.

In the next instance the respondent collected $190, gave to the client $100 in cash and a check for $90, which check was deposited

and returned for " insufficient funds." About a month and one-half later the respondent replaced this with a check for $75 and $15 in cash. This check for $75 was deposited and returned for " insufficient funds " and no part thereof was paid until after the respondent had been notified that the committee on grievances of the petitioner had fixed a date for hearing the complaint, when the amount of the check was paid. Thus the respondent converted to his own use the sum of $75 from May 12, 1928, to June 25, 1929.

Again in January, 1928, the respondent was retained to defend an action and was paid in full as his fee the sum of $35. In May, 1928, the respondent and the attorney for the plaintiff arranged to settle the cause by the payment by the defendant of the sum of $797.12, payable $89 at the time of the settlement and the balance at the rate of $50 each month thereafter. Pursuant to the terms of settlement, the defendant paid to respondent the sum of $89 and the respondent gave to the attorney for the plaintiff his check for this amount. In reliance upon the check of the respondent, the attorney for plaintiff adjourned the trial to May 1, 1928, but the check of the respondent was returned because of insufficient funds and on May first, when the case appeared upon the calendar, the respondent failed to appear and the plaintiff took an inquest and entered judgment. After the judgment had been entered, the respondent paid to the attorney for the plaintiff the said sum of $89 in cash and received in return his unpaid check; a written stipulation was thereupon entered into that the settlement should proceed, the next payment being $58.12, and the balance in $50 payments on the twentieth of each succeeding month. The stipulation further provided that in case of a default in payment of any payments, the plaintiff should have the right to issue execution upon the judgment. Prior to the twentieth of May, when the $58.12 was due, the wife of the defendant paid to the respondent on her husband's behalf the sum of $58.12 in cash, to enable him to comply with the terms of the stipulation. The respondent kept the cash and gave his check for a like sum to the order of the plaintiff. This check was returned for insufficient funds and execution was issued to the marshal, who made a levy on the place of business of the defendant client. When respondent was notified of the levy he promised to make good the check and to pay the fees of the marshal. He thereafter paid to the attorney for the plaintiff the amount of the check, $58.12, but never paid any part of the fees of the marshal, in the sum of $22.50.

In April, 1928, the respondent was retained and paid an agreed fee of $5 in cash to sue a tailor for alleged damage to an article of clothing. The case was thereafter settled for the sum of $15 and

on or before the twenty-eighth of June the respondent collected from the defendant the sum of $15 and gave to the plaintiff his check for this amount, which check was thereafter returned for insufficient funds. The respondent converted this sum to his own use from June, 1928, until February, 1930.

The only part of the alleged defense of the respondent which rings true is that which rests upon a plea of mitigating circumstances. He alleges that he was harassed by the illness of the members of his family and of his relatives in law and by the financial burden of caring for them. Undoubtedly the respondent has been hard pressed by these exigencies. Obviously we are constrained to hold that they furnish no excuse for this course of conduct which he has pursued in thus converting the money which belonged to his clients with regularity and making restitution only to avoid impending charges.

Secondly, we consider the instances amounting to a course of conduct on the part of respondent in receiving and retaining fees without rendering any substantial service therefor.

In August, 1927, a client retained respondent to bring an action in his behalf on account of damages sustained by reason of assault committed upon the client, and paid the respondent the sum of $25 upon the written understanding that it was to be returned if no recovery was made. The respondent served a summons but did not serve a complaint and, after obtaining one extension of time in which to serve his complaint, allowed his time to expire and the attorney for the defendant refused to consent to open the default. The respondent took no further action in the matter and has failed and refused to return any part of the fee paid him. The respondent failed to advise the client of the status of his case and, upon inquiry, falsely stated to him that the case was upon the calendar. The respondent grossly neglected the interests of his client in suffering the default and in failing to advise him of the status of the case. No service of any substantial value was rendered to the client for the fee which the respondent received and retained.

In September, 1926, a client, who was unable to read or write, retained the respondent to recover the sum of $55.22 which a city marshal had collected from him pursuant to a judgment entered in an action in which the client asserted that he had never been served with process. The respondent agreed to recover this said sum for a fee of $20, which he promised to return if no recovery was made. The respondent failed to render any service of substantial value and did not recover any part of the money which the city marshal collected, and refused to return to the client any part of the $20 fee which had been paid him. When the matter

was brought to the attention of the petitioner, the respondent then repaid to the client the amount he had received.

In August, 1926, a Russian, who did not speak, write or read English, retained the respondent to recover the sum of $1,000 which the client had loaned to certain co-operative owners of a farm, and paid to the respondent at the time of retaining him the sum of $25, subsequently further paying him $60. The client received a written receipt signed by the respondent, which provided that the balance of the fee in the sum of $165 was to be paid only if recovered from the defendants and that otherwise no more was to be paid. No action was ever commenced by the respondent and he failed to reply to letters requesting information as to the status of the case, written both by the client and the attorney for the petitioner. It appears that the respondent has rendered no service of any substantial value for the sum of $85, which was paid him and which he has retained.

In July, 1926, the respondent was retained by a client to recover the sum of $200 alleged to be owing to him for work, labor and services performed and materials furnished. The respondent agreed to look after the interests of the client for a fee of $25, which was paid him at the time of the retainer, in addition to fifteen per cent of any amount recovered. The respondent failed to institute suit or take any action to protect the rights of the client, and further failed to acknowledge letters subsequently written to him, both by the client and by the attorney for the petitioner, requesting information regarding the status of the case. Respondent failed to render any substantial service for the $25 which was paid to him and retained.

In August, 1926, respondent was retained by a client to sue the Hudson and West Shore Realty Corporation to recover moneys paid to that company on account of a contract for the purchase of certain lots, upon the ground that there were no lots in existence as described in the contract for an agreed fee of $52.50, which the respondent, in a written receipt, agreed to return to the client in the event that no recovery was had. In October, 1926, the respondent wrote to the client stating that he had already instituted suit and that the action was pending in the City Court of the city of New York; that the case had already been noticed for and should appear for trial early in December. The statement in this letter that the "case has already been noticed for and ought to come on for trial early in December" was false and known by respondent to be false when made. The respondent failed to institute any action on behalf of the client and failed to render any substantial service for the $52.50 which was paid to him and which was retained.

Additional charges have been filed by the petitioner against the respondent.

We deem it unnecessary, however, to refer them to a referee for hearing and report. The charges which have been sustained are sufficient to show that the respondent has been guilty of misconduct in office and lacks the moral fiber and character essential to permit his continuing to hold the office of attorney at law.

The respondent should be disbarred.

McAvoy, Martin, O'Malley and Sherman, JJ., concur.

Respondent disbarred.